

FILED _____ RECEIVED
_____ ENTERED _____ SERVED ON
COUNSEL/PARTIES OF RECORD

FEB 2 5 2011

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

RONALD WAYNE BEALL,

*Petitioner,*

vs.

STATE OF NEVADA,

*Respondent.*

3:11-cv-00101-RCJ-RAM

ORDER

This transferred habeas matter under 28 U.S.C. § 2254 comes before the Court on petitioner's application (#1) to proceed *in forma pauperis* and for initial review under Rule 4 of the Rules Governing Section 2254 Cases. The Court finds that the petitioner is unable to pay the filing fee, and the pauper application therefore will be granted.

Turning to initial review, the present petition clearly is a successive petition. Petitioner has filed a number of such successive petitions recently. The present successive petition was filed initially in the Eastern District of California after petitions in this Court were dismissed as successive. Given petitioner's clearly frivolous repetitive filings of indisputably successive petitions that further long since also have been time-barred, the Court will dismiss the present petition without further proceedings.

By the present petition, Ronald Wayne Beall seeks to challenge his April 10, 1992, Nevada state conviction, pursuant to a jury verdict, of first degree murder. Petitioner sought to set aside the same judgment of conviction in, among other cases, No. 3:06-cv-00597-LRH-RAM. The Court dismissed that petition as untimely on April 9, 2007.

1    Since that time, petitioner has continued to file petitions seeking to challenge the same
2    conviction. For example, the Court recently dismissed two such petitions as, *inter alia*,
3    successive, in 3:10-cv-00706-LRH-VPC and 2:10-cv-00189-PMP-RJJ.[1]
4    Petitioner has not attached a copy of an order from the Ninth Circuit authorizing the
5    filing of a second or successive petition, and the online docket records of the Ninth Circuit do
6    not reflect that such an order has been issued.
7    Under 28 U.S.C. § 2244(b)(1) & (2), a claim in a "second or successive petition under
8    section 2254" must be dismissed if it was presented in a prior petition; and, if the claim was
9    not presented in the prior petition, it may be considered only in the circumstances delineated
10   in § 2244(b)(2). Under 28 U.S.C. § 2244(b)(3)(A), before a second or successive petition is
11   filed in the district court, the applicant must move in the Court of Appeals for an order
12   authorizing the district court to consider the petition. Dismissal of a prior federal petition as
13   untimely renders subsequent federal petitions challenging the same conviction second or
14   successive petitions. *McNabb v. Yates*, 576 F.3d 1028 (9th Cir. 2009).
15   The present petition therefore will be dismissed without prejudice as a successive
16   petition.[2] Further proceedings herein would be futile in advance of entry of judgment, as
17   petitioner's continued repetitive filing of successive petitions constitutes frivolous and
18   vexatious litigation activity.
19   IT THEREFORE IS ORDERED that petitioner's application (#1) to proceed *in forma*
20   *pauperis* is GRANTED such that petitioner shall not be required to pay the filing fee.
21   IT FURTHER IS ORDERED that the Clerk of Court shall file the petition and that the
22   petition shall be DISMISSED without prejudice as a successive petition.
23   / / / /
24
25
     [1] Petitioner in addition recently has filed habeas petitions seeking to challenge this conviction in the
26   following actions: 2:09-cv-02307-KJD-PAL, 3:10-cv-00569-RCJ-RAM, and 3:10-cv-00570-RCJ-RAM.
27   [2] Nothing herein implies that the petition otherwise is free of deficiencies. *Inter alia*, petitioner has not
     named a proper respondent, and the State of Nevada may not be sued in federal court, regardless of the
28   relief sought. The petition further clearly is untimely by well over a decade.

IT FURTHER IS ORDERED that a certificate of appealability is DENIED. Jurists of reason would not find it debatable whether the district court is correct in its procedural ruling.

IT FURTHER IS ORDERED that, pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Clerk of Court shall make informal electronic service upon respondents by adding Attorney General Catherine Cortez Masto as counsel for respondents and directing a notice of electronic filing to her office. **No response is required from respondents, other than to respond to any orders directed to respondents by a reviewing court.**

The Clerk of Court shall enter final judgment accordingly, in favor of respondents and against petitioner, dismissing this action without prejudice.

DATED: February 25, 2011

*[signature]*
ROBERT C. JONES
United States District Judge