# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

RONALD WAYNE BEALL,

    *Petitioner*,

vs.

STATE OF NEVADA,

    *Respondent*.

3:11-cv-00101-RCJ-RAM

ORDER

    This habeas matter under 28 U.S.C. § 2254 comes before the Court on a post-judgment motion (#17) styled as a "Supplemental Motion Request Not to Dismiss as Untimely 2254 Habeas Corpus Petition."

    Ronald Wayne Beall seeks to challenge his April 10, 1992, Nevada state conviction, pursuant to a jury verdict, of first degree murder. Petitioner sought to set aside the same judgment of conviction in, among other cases, No. 3:06-cv-00597-LRH-RAM. The Court dismissed that petition as untimely on April 9, 2007. Since that time, petitioner has continued to file petitions seeking to challenge the same conviction. For example, the Court recently dismissed two such petitions as, *inter alia*, successive, in 3:10-cv-00706-LRH-VPC and 2:10-cv-00189-PMP-RJJ.[1] Petitioner has not attached a copy of an order from the Ninth Circuit authorizing the filing of a second or successive petition, and the online docket records of the Ninth Circuit do not reflect that such an order has been issued.

---

[1] Petitioner in addition recently has filed habeas petitions seeking to challenge this conviction in the following actions: 2:09-cv-02307-KJD-PAL, 3:10-cv-00569-RCJ-RAM, and 3:10-cv-00570-RCJ-RAM.

In the present case, this Court dismissed the petition as *successive* by an order and judgment (## 8 & 10) entered on February 25, 2011. The Court cited controlling Ninth Circuit precedent holding that dismissal of a prior federal petition as untimely renders subsequent federal petitions challenging the same conviction second or successive petitions. *McNabb v. Yates*, 576 F.3d 1028 (9th Cir. 2009). The Court accordingly dismissed the petition without prejudice as a successive petition. The Court noted that "[f]urther proceedings herein would be futile in advance of entry of judgment, as petitioner's continued repetitive filing of successive petitions constitutes frivolous and vexatious litigation activity." #8, at 2.

Petitioner constructively filed a notice of appeal (#11) over seven months later, on or about October 7, 2011.

On December 1, 2011, the Court of Appeals denied a certificate of appealability due to petitioner's failure to file a timely notice of appeal. See #16.

The present motion was not filed within the period for seeking relief under Rule 59 of the Federal Rules of Civil Procedure and thus necessarily arises instead under Rule 60.

Petitioner has not established any ground recognized under Rule 60 for setting aside the judgment dismissing this action as successive. Petitioner in the main argues the merits of his underlying claims challenging his conviction. These arguments have nothing to do with the basis for dismissal. A federal district does not have jurisdiction to entertain a successive petition unless and until the petitioner has obtained an order from the Court of Appeals authorizing the district court to consider a successive petition. Petitioner has not obtained such an order.

IT THEREFORE IS ORDERED that petitioner's motion (#17) is DENIED.[2]

---

[2] To the extent, *arguendo*, that a largely duplicative notice of appeal (#14) filed on December 21, 2011, deprives this Court of jurisdiction to consider the present motion, the Court certifies to the Court of Appeals that it is not inclined to entertain the motion. *Cf. Gould v. Mutual Life Ins. Co.*, 790 F.2d 769, 772-73 (9th Cir. 1986)(when an appeal of a dismissal is pending, the proper procedure is for the petitioner to ask the district court whether it wishes to entertain the motion, or to grant it, and then move for a remand in the court of appeals). Nor is the Court inclined to grant relief on the motion papers submitted with the second notice of appeal. Petitioner at bottom is seeking to pursue a successive petition following the dismissal of a prior petition as untimely, on a state conviction that now is nearly two decades old.

This action has been, and remains, closed. While it appears that petitioner is incarcerated on a sentence of life without the possibility of parole, the Court does not rule out consideration of whether there are practical sanctions potentially available that may be imposed in response to petitioner's continued vexatious and frivolous litigation activity. Such potential sanctions may include referral to correctional officials for consideration of possible imposition of administrative disciplinary sanctions.

DATED: This 10th day of January, 2012.

_____
ROBERT C. JONES
Chief United States District Judge